■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNARDO RODRIGUZ, Respondent, v. JEREMIAH DONOVAN, as Warden of House of Detention for Men, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— In a habeas corpus proceeding, the People appeal from an order of the Supreme Court, Kings County, dated June 29, 1960, sustaining the writ after a hearing, and discharging relator from custody. Order reversed on the law, and writ dismissed. No questions of fact were presented or considered. On April 15, 1957, relator, on his plea of guilty to attempted receipt of stolen property as a felony, was sentenced by the County Court, Kings County, to an indeterminate

term of imprisonment in the New York City Penitentiary. On July 6, 1958, he was released on parole. On November 2, 1959, he was arrested for a violation of the Public Health Law, with respect to narcotic drugs (Penal Law, § 1751); and two days later the Parole Commission filed a warrant with the Warden of the City Prison, Brooklyn, in which relator was confined awaiting the disposition upon his narcotics offense, charging him with being a parole violator. On December 11, 1959, relator, for his narcotics offense, was sentenced to the Workhouse by the Court of Special Sessions of the City of New York, Borough of Brooklyn, for a term of six months. Upon completion of the six-month Workhouse sentence relator was returned to the New York City Penitentiary pursuant to the warrant previously filed by the Parole Commission. He was then advised that he would not be released from custody until August 26, 1960. In our opinion, for the period of time served by relator in the Workhouse pursuant to the sentence imposed on his second conviction, he was not entitled to credit against his penitentiary sentence on his first conviction. His sentence to the penitentiary was not interrupted by the Commissioner of Correction or the Parole Commission so that he could serve his term in the Workhouse pursuant to the sentence later imposed. It was his own violation of law, and not the action of the Commissioner or the Parole Commission, which interrupted the running of his penitentiary sentence; and his incarceration in the Workhouse was not as a parole violator, but as a misdemeanant sentenced for a crime subsequently committed. The Parole Commission did not have custody of the relator at the time the subsequent sentence was imposed; and hence, the sentence to the Workhouse for a definite term did not operate to give the Parole Commission the authority either to terminate his incarceration thereunder or to transfer him to the penitentiary to serve the balance of his term in that institution prior to serving his sentence in the Workhouse (Correction Law, §§ 203, 204, 206). Consequently, when relator was returned to the Parole Commission's custody, it acted within its authority in directing that he serve the balance of his penitentiary sentence; and it was error, in our opinion, to sustain the writ (cf. *People ex rel. Kenny* v. *Jackson,* 4 N Y 2d 229; *People ex rel. Smith* v. *Johnston,* 11 A D 2d 834; *Matter of Perillo* v. *New York State Bd. of Parole,* 4 A D 2d 355, affd. 4 N Y 2d 1013). Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.